UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| v. | **Case No.: 1:25-cr-99-CLM-JHE** |
| **ERIC DEWAYNE BRYANT,**<br>    Defendant. | |

# ORDER

Defendant Eric Dewayne Bryant moves to suppress evidence obtained as a result of a May 28, 2024, traffic stop. (Doc. 28). After holding a suppression hearing, the magistrate judge entered a report, recommending that the court deny Bryant's motion to suppress. (Doc. 37). Bryant objects to the report and recommendation. (Doc. 51). For the reasons stated within, the court **WILL OVERRULE** Bryant's objections and **DENY** the motion to suppress (doc. 28).

—

Bryant is charged with one count of possession with intent to distribute cocaine. (Doc. 1). In his motion to suppress, Bryant contends that officers lacked reasonable suspicion to initiate a May 28, 2024, traffic stop and unlawfully prolonged the stop by asking questions unrelated to Bryant's alleged traffic violations. So Bryant moves to suppress evidence of the package of cocaine seized from his vehicle and statements he made to the officers.

The magistrate judge recommends that the court deny Bryant's motion to suppress for two reasons. First, Investigator Michael Green had reasonable suspicion that Bryant committed a traffic violation, so it wasn't unlawful for officers to initiate the traffic stop. Second, Investigator Green had developed reasonable suspicion of other criminal activity when he extended the stop to conduct unrelated inquiries. The court reviews both recommendations and Bryant's corresponding objections in turn.

### 1. Reasonable suspicion to initiate stop

The court **OVERRULES** Bryant's objection to the magistrate judge's finding that there was reasonable suspicion to initiate the traffic stop. Having reviewed the bodycam footage, the court agrees with the magistrate judge that the footage shows multiple instances of Bryant's Mercedes crossing the dotted lines that divided the lanes on the highway. And improper lane usage and failure to obey a traffic control device are violations of Alabama's traffic code. *See, e.g.*, Ala. Code §§ 32-5A-31, 32-5A-88. So Investigator Green's observation that Bryant hit the dotted white line on several occasions gave him reasonable suspicion to pull Bryant over for a traffic violation.

Bryant complains that Investigator Green's high speed and aggressive driving pattern provoked Bryant's traffic violations. But Bryant cites no caselaw that supports his argument that the traffic stop would be invalid if he could prove Investigator Green was driving aggressively. Nor has Bryant shown that the magistrate judge erred by finding that the evidence didn't support a finding that Investigator Green's conduct caused Bryant's traffic violations. Plus, the cases Bryant cites about false explanations not necessarily creating reasonable suspicion of criminal activity are irrelevant to the court's reasonable suspicion inquiry, which concerns whether Investigator Green had reasonable suspicion to initiate the traffic stop before he ever spoke to Bryant.

Investigator Green's subjective motivations for initiating the traffic stop are also irrelevant. *See United States v. Simmons*, 172 F.3d 775, 778 (11th Cir. 1999) ("Under the Fourth Amendment, a decision to stop an automobile is reasonable where police have probable cause to believe that a traffic violation occurred, and an officer's motive in making the traffic stop does not invalidate what is otherwise objectively justifiable behavior under the Fourth Amendment." (internal quotations and citations omitted)). Besides, Investigator Green's bodycam footage shows that he first remarked that Bryant had hit the white dotted line about three minutes before he said he had "PC" to initiate the traffic stop. (*See* Green Cam at 0:57 and 4:03). So the court agrees with the magistrate judge that Investigator Green had reasonable suspicion that a traffic violation had occurred when he initiated the traffic stop.

### 2. Reasonable suspicion to prolong detention

The court also **OVERRULES** Bryant's objections to the magistrate judge's finding that Investigator Green had reasonable suspicion to prolong the traffic stop to conduct inquiries unrelated to the observed traffic violations. As Bryant concedes, the earliest time in which the traffic stop could have been unlawfully prolonged was at the 09:41 mark of Investigator Green's body camera video. The stop was then arguably prolonged again at the 13:17 mark and for a final time at the 19:14 mark. As the magistrate judge noted, an officer may only extend a traffic stop beyond its initial mission if he develops independent reasonable suspicion of other criminal activity. *See United States v. Hernandez*, 418 F.3d 1206, 1209 (11th Cir. 2005). So an officer unlawfully prolongs a traffic stop when (1) he conducts an unrelated inquiry aimed at investigating other crimes, (2) the unrelated inquiry adds time to the stop, and (3) the officer lacked reasonable suspicion to extend the stop. *See United States v. Campbell*, 26 F.4th 860, 884 (11th Cir. 2022) (en banc).

By the time of the first alleged moment of wrongful prolonging, ("the *Rodriquez* moment"), Investigator Green had reasonable suspicion of criminal activity other than Bryant's observed traffic violations. At the 08:15–08:29 mark of the bodycam footage, Investigator Green observed a loaded extended pistol magazine in the glove compartment of Bryant's vehicle. He then asked Bryant if he "had ever been in trouble for anything, probation, anything like that" and Bryant responded "about 20 years ago." (Green Cam at 08:31–08:38). Bryant also stated that he "wouldn't have opened [the glove compartment] up if [he] had a gun." (Green Cam at 08:18–08:28).[1] As the magistrate judge noted, the presence of the loaded magazine suggested that there was a firearm in the Mercedes, and it was reasonable to suspect that Bryant's statement that he had been in trouble "about 20 years ago" meant that he was a person prohibited

---

[1] Despite conceding that the first *Rodriguez* moment occurred at the 09:41 mark, Bryant's objections appear to assert that Investigator Green's questions about the loaded magazine at the 08:18–08:38 mark of the bodycam footage were improper. The court rejects this argument. "[T]he tolerable duration of police inquiries in the traffic-stop context is determined by the seizure's 'mission'—to address the traffic violation that warranted the stop, and attend to related safety concerns." (citations omitted). *Rodriguez v. United States*, 575 U.S. 348, 354 (2015). And Bryant has failed to show that upon seeing the loaded magazine Investigator Green (a) deviated from this mission or (b) added any time to the stop by making inquiries related to the magazine. (*See* Doc. 37, p. 11, n.8).

from possessing a firearm. Plus, Bryant's statement that he wouldn't have opened the glove compartment if he had known its contents suggested he may have had something to hide.

At the 09:41 mark, Investigator Green again asked Bryant about being in trouble a long time ago and Bryant confirmed that he had been in trouble but that it was over 20 years ago. The court agrees with the magistrate judge that this answer did nothing to dispel Investigator Green's reasonable suspicion that Bryant may be unlawfully possessing a firearm. Based on this reasonable suspicion, Officer Green asked Bryant if he was "a certain person forbidden." (Green Cam at 13:17–13:24). Bryant responded "yes" and said that's why he didn't have a weapon. (*See* Green Cam at 13:24–1327). Thus, by the time Investigator Green extended the stop at the 19:14 mark to search the Mercedes for a weapon, he had probable cause to believe that the Mercedes contained an unlawfully possessed firearm.

All reasonable suspicion requires is a particularized and objective basis for suspecting criminal activity. *See Campbell*, 26 F.4th at 880. And at each of the three assumed *Rodriguez* moments, Investigator Green knew that (a) there was a loaded magazine in the glove compartment of the Mercedes Bryant was driving, and (b) Bryant had suggested that he had previously had some legal troubles. It is also irrelevant that Alabama law didn't actually prohibit Bryant from possessing a firearm or that no firearm was found in the vehicle. *See Florida v. J.L.*, 529 U.S. 266, 271 (2000) ("The reasonableness of official suspicion must be measured by what the officers knew before they conducted their search."). So even though the Mercedes belonged to Bryant's girlfriend and Bryant said he didn't know about the loaded magazine, the totality of the circumstances establish that Investigator Green had reasonable suspicion to think Bryant was unlawfully possessing a firearm. As a result, the court rejects Bryant's argument that there was no objectively reasonable basis for Investigator Green to prolong the traffic stop.

—

In sum, having reviewed the record, including the magistrate judge's report and Bryant's objections, the court **OVERRULES** the objections, **ADOPTS** the magistrate judge's report, and **ACCEPTS** the recommendation.

Consistent with that recommendation, the court **DENIES** Bryant's motion to suppress (doc. 28).

**DONE** and **ORDERED** on March 9, 2026.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE